IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FAUSTINO VARGAS-ANDRADES<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER & MEMORANDUM DECISION<br><br>Case No. 2:04-CV-907 TC |

On September 2, 2003, in case No. 2:03CR565, Faustino Vargas-Andrades pled guilty to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326 (a). After hearing arguments from the government and Mr. Vargas-Andrades, the court sentenced Mr. Vargas-Andrades to imprisonment for fifty-seven months imprisonment followed by thirty-six months of supervised release.

This matter is now before the court on Mr. Vargas-Andrades' motion to correct sentence under 28 U.S.C. § 2255. Mr. Vargas-Andrades claims that: (1) the government could not prove every essential element of the crime to which he pled guilty and that his plea was the result of a

coerced confession[1]; (2) at sentencing, the court improperly failed to grant him a downward departure on the basis of his status as a deportable alien; and (3) he was denied effective assistance of counsel because his counsel failed to raise a Speedy Trial issue and did not give him correct information about the possible sentence he could receive.

For the reasons set forth below, Petitioner's motion to correct sentence is DENIED.

## Analysis

The general rule is that a petitioner's failure to raise an issue on direct appeal serves as a procedural bar preventing that issue from being raised in a petition under 28 U.S.C. § 2255. See United States v. Cervini, 379 F.3d 987, 991-92 (10th Cir. 2004). This procedural bar will not be applied "if defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense." Id. The court may also reach the substance of claimed constitutional deficiencies "if defendant can demonstrate that 'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" Id. (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). A claim of ineffective assistance of counsel need not have been raised on direct appeal and thus is not procedurally barred. United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002); see also United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995).

Mr. Vargas-Andrades did not raise any of his current claims on appeal and has not provided allegations sufficient to avoid the procedural bar regarding his claims of coerced confession and improper sentencing. Additionally, by pleading guilty, Mr. Vargas-Andrades

---

[1] Petitioner makes this claim as one of coerced confession, although the substance of the claim does not assert any allegations of coercion and rests solely on the government's inability to prove the essential elements of the crime.

cased

waived all nonjurisdictional challenges to his conviction. See United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994); United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992). Mr. Vargas-Andrades does not challenge that his plea was not voluntarily or intelligently made. See Wright, 43 F.3d at 494 ("Having pleaded guilty, a defendant's only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea.").

Despite the possibility that Mr. Vargas-Andrades' claims are procedurally barred, the court will briefly address the substance of Mr. Vargas-Andrades' claims of coerced confession and failure to grant a downward departure. (Arguably, Mr. Vargas-Andrades' claim of ineffective assistance of counsel claim is procedurally barred to the extent that he includes issues that could have been raised on direct appeal.)

## Coerced Confession

Mr. Vargas-Andrades contends that his plea was the result of a coerced confession. Mr. Vargas-Andrades' claim does not specifically allege that he was coerced into pleading guilty, but rather that the government would not have been able to prove each and every element of the crime with which he was charged. Mr. Vargas-Andrades contends that he was never previously arrested or served with a warrant of deportation before his earlier removal from the United States and that these facts indicate that the government could not prove each element of the crime with which he was charged. Mr. Vargas-Andrades' argument rests on the assumption that a previous arrest or a warrant of deportation is necessary to prove a violation of 8 U.S.C. § 1326.

The statute provides:

any alien who--
    (1) has been denied admission, excluded, deported, or removed or
    has departed the United States while an order of exclusion,
    deportation, or removal is outstanding, and thereafter

> (2) enters, attempts to enter, or is at any time found in, the United States
>
> . . .
>
> shall be fined under Title 18, or imprisoned not more than two years, or both.

8 U.S.C. 1326(a). Neither a prior arrest, nor a prior warrant, is an element of the crime which needs to be proven at trial to gain a conviction on this crime.

By signing his statement in advance of plea, Mr. Vargas-Andrades admitted that he was removed from the United States on or about June 8, 2001, and that he knowingly reentered the United States and was found in Salt Lake County, Utah, on February 5, 2003. (Statement in Advance of Plea ("Plea") at 8, Dkt. No. 14). That is sufficient to sustain his conviction.

### Failure to Grant Downward Departure

Mr. Vargas-Andrades argues that, at sentencing, the court erred in failing to grant him a downward departure because of his status as a deportable alien. In United States v. Smith, the court held that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." 27 F.3d 649, 655 (D.C. Cir. 1994). This holding, however, is not applicable to Mr. Vargas-Andrades.

Mr. Vargas-Andrades correctly points out that the sentencing court can depart downward from the sentencing guideline range under USSG §5K2.0 if there is a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Where, as here, an offender characteristic or circumstance is not, in the Commission's view, ordinarily relevant to the question of whether downward departure is warranted, it may become relevant if that characteristic or circumstance "is present to an unusual degree and distinguishes the case

4

from the 'heartland' cases covered by the guidelines." USSG §5K2.0; <u>Koon v. United States</u>, 518 U.S. 81, 93 (1996). Mr. Vargas-Andrades's circumstances are clearly not outside the heartland where deportability and status as a deportable alien are circumstances foreseen by the Sentencing Commission.

Mr. Vargas-Andrades pled guilty to 8 U.S.C. §1326, which prohibits reentry of a person legally deported on a prior occasion without permission of the Attorney General. When the crime for which a defendant was sentenced is re-entry of the United States after having been deported, status as a deportable alien may not be considered as a factor militating in favor of downward departure. <u>United States v. Gonzales-Portillo</u>, 121 F.3d 1122, 1124 (7th Cir. 1997); See also, <u>United States v. Martinez-Ramos</u>, 184 F.3d 1055, 1058-59 (9th Cir. 1999) (holding alien status cannot be ground for downward departure because deportable alien status is an element of a §1326 violation). It is on this point that <u>Smith</u>'s holding is distinguishable. In that case, the sentence imposed was for drug-trafficking, not for illegal reentry. At least four circuit courts have distinguished <u>Smith</u> on that basis. See <u>United States v. Vasquez</u>, 279 F.3d 77, 81 (1st Cir. 2002); <u>United States v. Garay</u>, 235 F.3d 230, 233 (5th Cir. 2000); <u>Gonzales-Portillo</u>, 121 F.3d at 1125; <u>United States v. Ebolum</u> 72 F.3d 35, 37 (6th Cir. 1995).

Because Vargas-Andrades's "deportable" alien status is an inherent element of the crime to which the guideline applies it cannot serve as a mitigating factor for downward departure purposes.

### Ineffective Assistance of Counsel

Mr. Vargas has asserted that his counsel was ineffective on two grounds: (1) counsel's

failure to properly inform him of the sentencing consequences of his guilty plea; and (2) counsel's failure to move for a dismissal based on the Speedy Trial Act, 18 U.S.C. § 3161.

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689). "Judicial scrutiny of counsel's performance is highly deferential." Id.

"An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." Kennedy, 225 F.3d at 1197 (citing Fox v. Ward, 200 F.3d 1286, 1295 (10th Cir. 2000)). To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

1.   Speedy Trial

Mr. Vargas-Andrades asserts that his counsel was ineffective for failing to move to dismiss the indictment on the basis of the Speedy Trial Act, 18 U.S.C. § 3161. In order to succeed on this claim, Mr. Vargas-Andrades would have to demonstrate that, but for counsel's

6

ineffective assistance, the outcome of the proceedings would have been different.[2]

Mr. Vargas-Andrades was indicted on July 16, 2003, on charge of re-entry of a previously removed alien, a violation of 8 U.S.C. § 1326. On September 3, 2003, Mr. Vargas-Andrades pled guilty to that charge. The applicable sections of 18 U.S.C. § 3161 provide that an indictment must issue within thirty days of arrest and that trial must take place within seventy days of indictment absent written consent from the Defendant. 18 U.S.C. § 3161(b) & (c). In the present case, Mr. Vargas-Andrades was not arrested until after he was indicted and pled guilty approximately forty-nine days after that indictment. Accordingly, there was no violation of the statute.

        2.     <u>Sentencing</u>

Mr. Vargas-Andrades argues that he was misled by counsel regarding the sentencing implications of his plea. Specifically, Mr. Vargas-Andrades asserts that his counsel told him that he would receive a sentence of forty-six months. But Vargas-Andrades' argument is undercut by the Statement in Advance of Plea of Guilty that he signed. That document makes clear that he was informed of the possibility that a sentence other than that contemplated at the time of his plea could be imposed. Paragraph 2 of the document reads: "I know that the maximum possible penalty provided by law for a violation of 8 U.S.C. § 1326 . . . is: 20 years imprisonment, a $250,000 fine, or both." (Plea at ¶ 2.) Additionally, paragraph thirteen reads:

> I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the Court. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court

---

[2] To the extent that Mr. Vargas-Andrades' claim is that of a substantive violation of the Speedy Trial Act it was waived by his guilty plea. See United States v. Gines, 964 F.2d at 977.

does not follow the government's recommendation, I know that I will not be allowed to withdraw my guilty plea.

(Id. ¶ 13.) Mr. Vargas-Andrades signed the agreement affirming that he understood the agreement and that he had ample time to discuss the agreement with his lawyer. (Id. at p. 6.)

## ORDER

For the foregoing reasons, Petitioner's motion to correct sentence is DENIED.

DATED this 11 day of May, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge